FILED

2012 NOV 19  PM 3: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10  Attorneys for Plaintiff,
    Fernando Orozco
11
12
13            UNITED STATES DISTRICT COURT
14          CENTRAL DISTRICT OF CALIFORNIA
15                 EASTERN DIVISION
16
                    ED   CV 12  -  02026 VAP
17                                                        (DTBx)
   Fernando Orozco,                  Case No.:
18
19              Plaintiff,           COMPLAINT FOR DAMAGES
                                     1. VIOLATION OF FAIR DEBT
20      vs.                          COLLECTION PRACTICES ACT,
21                                   15 U.S.C. § 1692 ET. SEQ;
   Reliant Capital Solutions; and DOES 1-10,  2. VIOLATION OF FAIR DEBT
22  inclusive,                       COLLECTION PRATICES ACT,
                                     CAL.CIV.CODE § 1788 ET. SEQ.
23
                Defendants.
24                                   JURY TRIAL DEMANDED
25
26
27
28
                                     COMPLAINT FOR DAMAGES

1
2
3

For this Complaint, the Plaintiff, Fernando Orozco, by undersigned counsel, states as follows:

**JURISDICTION**

4

5
6
7
8
9

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

10
11

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

12
13
14

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

15

**PARTIES**

16
17
18
19
20

4.      The Plaintiff, Fernando Orozco (hereafter "Plaintiff"), is an adult individual residing in Fontana, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

21
22
23
24
25

5.      Defendant, Reliant Capital Solutions ("Reliant"), is an Ohio business entity with an address of 750 Cross Pointe Road, Suite G, Gahanna, Ohio 43230 , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

26
27
28

6.      Does 1-10 (the "Collectors") are individual collectors employed by Reliant and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Reliant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,500.00 (the "Debt") to University of Phoenix (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Reliant for collection, or Reliant was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.      Reliant Engages in Harassment and Abusive Tactics

12.      Within the last year, Reliant contacted Plaintiff in an attempt to collect the Debt.

13.    Reliant contacted Plaintiff at his place of employment in an attempt to collect the Debt.

14.    Plaintiff informed Reliant that calls to his workplace were inconvenient and prohibited by his employer and directed that calls there stop immediately. Plaintiff further instructed that Reliant to cease all calls to him, and communicate only with him in writing.

15.    Despite being told the foregoing, Reliant thereafter continued to call Plaintiff at his place of employment, placing approximately two calls per day on a daily basis. During each contact, Plaintiff reiterated the foregoing, however, Reliant continued to call Plaintiff at his place of employment.

16.    The repeated call to Plaintiff's workplace caused a great amount of distress to Plaintiff and caused Plaintiff to fear that his employment was in jeopardy.

17.    During one conversation in October of 2012, Reliant demanded immediate payment of the Debt. Plaintiff advised Reliant that he could not immediately pay the Debt, but would pay in December, and again demanded that calls to him cease. Reliant called Plaintiff again that same day demanding payment of the Debt.

18.    Reliant spoke to Plaintiff with a bullying and aggressive tone in an effort to intimidate him into making immediate payment, including telling Plaintiff it was marking his account as "refusal to pay" and was "putting [him] down for non-

1
2
3
compliance." These statements caused Plaintiff worry and concern over what further steps Reliant was going to take.

4
5
6
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

7
8
19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9
10
11
12
20.     The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

13
14
15
16
21.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

17
18
19
20
22.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21
22
23
23.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24
25
26
24.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27
28

25.     The foregoing acts and omissions of the Defendants constitute numerous

and multiple violations of the FDCPA, including every one of the above-cited

provisions.

26.     The Plaintiff is entitled to damages as a result of the Defendants'

violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

27.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

28.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code

section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and

practices in the collection of consumer debts.

29.     Reliant Capital Solutions, in the regular course of business, engages in

debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30.     The Defendants caused a telephone to ring repeatedly and engaged the

Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation

of Cal. Civ. Code § 1788.11(d).

31.     The Defendants communicated with the Plaintiff with such frequency as

to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

32.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

33.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

38.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

39.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the

plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

COMPLAINT FOR DAMAGES

1
2
3

    E. Statutory damages of $1,000.00 for knowingly and willfully committing

       violations pursuant to Cal. Civ. Code § 1788.30(b);

4
5
6
7
8
9

    F. Actual damages from the Defendants for the all damages including

       emotional distress suffered as a result of the intentional, reckless, and/or

       negligent FDCPA violations and intentional, reckless, and/or negligent

       invasions of privacy and intentional infliction of emotional distress in an

       amount to be determined at trial for the Plaintiff;

10
11

    G. Punitive damages; and

12

    H. Such other and further relief as may be just and proper.

13
14

               **TRIAL BY JURY DEMANDED ON ALL COUNTS**

15
16

DATED:  November 14, 2012   TAMMY HUSSIN

17
18
19

By:_____
Tammy Hussin, Esq.

20

Lemberg & Associates, LLC
Attorney for Plaintiff, Fernando Orozco

21
22
23
24
25
26
27
28

          COMPLAINT FOR DAMAGES